**O**

# United States District Court
# Central District of California

WILLIAM MENDOZA,
an Individual

              Plaintiffs,

   v.

QVC Inc., a Delaware Corporation; and
DOES 1 through 10, Inclusive,

              Defendants.

Case № 5:20-CV-01595-ODW (KKx)

**ORDER DENYING MOTION TO REMAND [11]**

## I.       INTRODUCTION

Plaintiff William Mendoza moves to remand this action to the San Bernardino County Superior Court for lack of subject-matter jurisdiction.  (Mot. to Remand ("Motion" or "Mot.") 4, ECF No. 11.)  Mendoza argues that Defendant QVC, Inc. ("QVC") failed to meet its burden to establish diversity jurisdiction under 28 U.S.C. § 1332(a) and that the amount in controversy is less than the jurisdictional threshold of $75,000.  (Mot. 5.)  For the reasons discussed below, the Court **DENIES** the Motion.[1]

---

[1] The Court has reviewed the papers filed in connection with the Motion to Remand and deemed the matter appropriate for a decision without oral argument.  Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

## II.     BACKGROUND

Mendoza's claims in this action arise from the termination of his employment. (*See* Decl. of Michelle Zakarian, Ex. A ("First Am. Compl." or "FAC") ¶ 22, ECF No. 3).   From March 2018 through November 2019, QVC employed Mendoza as a full-time mechanic.   (FAC ¶ 15; Notice of Removal ("Notice") ¶ 28, ECF No. 1.) QVC terminated Mendoza's employment on November 12, 2019.   (FAC ¶ 21.) Mendoza contends that QVC wrongfully terminated his employment due to his disability.  (FAC ¶¶ 21–23.)

Accordingly, on May 29, 2020, Mendoza filed a complaint in the San Bernardino County Superior Court, which he subsequently amended with a First Amended Complaint ("FAC").  (Notice ¶¶ 1–2.)  In the FAC, Mendoza asserts seven causes of action, including disability discrimination, retaliation, wrongful termination, and other related claims.   (FAC ¶¶ 26–77.)   Mendoza seeks relief in the form of general damages, special damages, lost earnings, economic damages, emotional distress, punitive and exemplary damages, and attorneys' fees and costs.  (FAC at 20.) On August 10, 2020, QVC removed the action to this Court on the basis of alleged diversity jurisdiction.  (Notice ¶¶ 9–34.)  Mendoza timely moved to remand.  (*See* Mot.)

## III.     LEGAL STANDARD

Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress.   U.S. Const. art. III, § 2, cl. 1; *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  A suit filed in a state court may be removed to federal court if the federal court would have had original jurisdiction over the suit.  28 U.S.C. § 1441(a).  Federal courts have original jurisdiction where an action presents a federal question under 28 U.S.C. § 1331, or diversity of citizenship under 28 U.S.C. § 1332.  Accordingly, a defendant may remove a case from state court to federal court pursuant to the federal removal statute, 28 U.S.C. § 1441, on the basis of federal question or diversity

jurisdiction.  Diversity jurisdiction requires complete diversity of citizenship among the adverse parties and an amount in controversy exceeding $75,000, exclusive of interest and costs.  28 U.S.C. § 1332(a).

Courts strictly construe the removal statute against removal jurisdiction, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  *Gaus v. Miles, Inc*., 980 F.2d 564, 566 (9th Cir. 1992).  The party seeking removal bears the burden of establishing federal jurisdiction.  *Id*.

## IV.     DISCUSSION

First, Mendoza argues that QVC did not meet its burden of proof for removal because it failed to support its Notice with summary-judgment-type evidence.  (*See* Mot. 6.)  Second, Mendoza contends that, regardless, QVC miscalculates the amount in controversy by including post-removal damages and failing to account for Mendoza obtaining subsequent comparable employment.  (Mot. 5–7.)[2]  The Court addresses each argument in turn.

### A.     Defendant's Burden of Proof for Removal

Mendoza argues that QVC failed to establish the amount in controversy is met on removal because QVC did not submit summary-judgment-type evidence with its Notice.  (Mot. 6.)  QVC responds that the Notice must include only a "plausible allegation" that the amount in controversy exceeds $75,000.  (Opp'n to Mot. ("Opp'n") 3, ECF No. 13.)

The law is clear on a defendant's burden of proof on removal: "[A] defendant's notice of removal [need include] only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014); *see also Calhoun v. Consol. Disposal Serv., LLC*, No. 19-cv-2315-MWF (MRWx), 2019 WL 2522677, at *2 (C.D. Cal. June 18, 2019) ("[C]ontrary to [p]laintiff's suggestion, Defendants were not required

---

[2] The parties do not dispute that complete diversity exists.  (Notice ¶¶ 10–20; Mot. 4.)  Accordingly, only the amount in controversy is at issue here.

1    to submit summary-judgment-type evidence in the Notice of Removal to prove up the

2    amount in controversy.").   Summary-judgment type "[e]vidence establishing the

3    amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court

4    questions, the defendant's allegation."   *Dart Cherokee*, 574 U.S. at 89.

5        Here, QVC's Notice provides a plausible allegation that the amount in

6    controversy is met.   Through his FAC, as discussed further below, Mendoza put in

7    controversy damages from the date of his termination through the date of trial.   (*See*

8    FAC at 20; Notice ¶ 28.)   Mendoza's employment was terminated on November 12,

9    2019.   (FAC ¶ 21; Notice ¶ 28.)   In its Notice, QVC projected a date of trial one year

10   after Mendoza initiated this lawsuit, or May 29, 2021.   (Notice ¶ 28.)   This results in

11   approximately eighteen months of damages in controversy.   Mendoza was a full-time

12   employee who was paid a yearly salary of $64,397, which breaks down to a monthly

13   salary of $5,366.   (*Id.*)   QVC provides a declaration supporting the plausibility of this

14   allegation.   (*See* Decl. of Alicia Keane, ¶ 7, ECF No. 4.)   Further, Mendoza does not

15   contest these figures and uses the same monthly salary of $5,366 for his own

16   calculations.   (*See* Reply in Supp. of Mot. 6, ECF No. 15.)   Thus, QVC plausibly

17   calculated Mendoza's lost wages by multiplying his $5,366 monthly salary by the

18   eighteen months in controversy, for a total of $96,588.   (Notice ¶ 28.)   As this figure

19   exceeds $75,000, QVC satisfied its burden on removal to plausibly allege that the

20   amount in controversy exceeded the jurisdictional threshold.   QVC's Notice was not

21   deficient.

22   **B.   Amount in Controversy**

23        Mendoza also contends that QVC miscalculates the amount in controversy,

24   which he asserts is not met.   (Mot. 5–7.)   First, Mendoza argues the amount in

25   controversy includes damages only up to the time of removal.   (Mot. 5–6.)   Second,

26   Mendoza contends that his mitigation efforts in obtaining comparable employment

27   further reduce his damages and, thus, the amount in controversy.   (Mot. 6–7.)   QVC

28   counters that the amount in controversy must be calculated from the date of

1    Mendoza's termination through the date of trial, not just removal, and Mendoza's
2    mitigation efforts do not alter or reduce the amount put into controversy by Mendoza's
3    pleading.  (Opp'n 4–9.)  QVC is correct on both counts.

4       The Ninth Circuit has held that "the amount in controversy is not limited to
5    damages incurred prior to removal" but "includes all relief claimed at the time of
6    removal to which the plaintiff would be entitled if she prevails." *Chavez v. JPMorgan*
7    *Chase & Co.*, 888 F.3d 413, 414, 418 (9th Cir. 2018).  For instance, where a plaintiff
8    puts future wages in controversy, courts calculate lost wages through the date of trial.
9    *See Reyes v. Staples Off. Superstore, LLC*, No. CV 19-07086-CJC (SKx), 2019 WL
10   4187847, at *3 (C.D. Cal. Sept. 3, 2019) (calculating the amount in controversy on
11   removal as including "lost wages up until the date of a potential trial.").  Where a trial
12   date is not yet set, courts have found one year from the date of removal to be a
13   conservative trial date estimate in employment cases.  *See id.* (applying a
14   "conservative estimate" of one year from the date of removal to the trial date to
15   calculate the amount in controversy); *Beltran v. Procare Pharmacy, LLC*, No. 2:19-cv-
16   08819-ODW (RAOx), 2020 WL 748643, at *3 (C.D. Cal. Feb. 14, 2020) (same).

17       As no trial date has been set in this action, the Court applies the conservative
18   one-year prospective trial date.  *Reyes*, 2019 WL 4187847, at *3.  Thus, the Court
19   calculates the amount in controversy as including all relief claimed from the date of
20   Mendoza's termination, November 12, 2019, through a projected trial date one year
21   after removal, or August 10, 2021.

22       The Court first considers Mendoza's lost wages damages.  Courts may separate
23   lost wages into two categories: "past wages—i.e., lost wages between the date of
24   Plaintiff's termination and the date of removal—and future wages—i.e., lost wages
25   between the date of removal and trial."  *Fisher v. HNTB Corp.*, No. 2:18-CV-08173-
26   AB (MRWx), 2018 WL 6323077, at *5 n.7 (C.D. Cal. Dec. 3, 2018); *see Beltran*,
27   2020 WL 748643, at *3 (calculating lost wages as comprised of past and future
28   wages).

Here, Mendoza's past wages include all wages from his date of termination, November 12, 2019, to the date of removal, August 10, 2020, which is approximately eight months.[3]   Multiplying Mendoza's monthly salary of $5,366[4] by eight months results in a total of $42,928 for past wages.   Next, the Court considers Mendoza's future wages.   A prospective trial date of one year from the date of removal is August 10, 2021.   Multiplying Mendoza's monthly salary of $5,366 by twelve months results in a total of $64,392 for future wages.   Together, the past and future wages in controversy total $107,320 ($42,928 + $64,392).   Thus, Mendoza's claimed lost wages alone satisfy the amount in controversy, as they exceed $75,000.

Nevertheless, Mendoza insists that his lost wages must be reduced because he mitigated his damages by obtaining subsequent comparable employment.  (Mot. 6–7.) "However, mitigation of damages is an affirmative defense, and a 'potential defense does not reduce the amount in controversy for purposes of establishing federal jurisdiction.'"  *Jackson v. Compass Grp. USA, Inc*., No. CV 19-4678-PSG (GJSx), 2019 WL 3493991, at *4 (C.D. Cal. July 31, 2019) (quoting *Perez v. Alta-Dena Certified Dairy, LLC*, 647 F. App'x 682, 684 (9th Cir. 2016)); *Beltran*, 2020 WL 748643, at *3.  Thus, the amount in controversy is not lessened by Mendoza obtaining subsequent comparable employment.

Mendoza's lost wages alone satisfy the jurisdictional threshold of $75,000.  *See* 28 U.S.C. § 1332(a).  As such, the Court need not consider Mendoza's other claimed damages to find the amount in controversy for diversity jurisdiction met.  Therefore, the Court has subject matter jurisdiction and **DENIES** Mendoza's Motion.

---

[3] More precisely, this is a total of eight months and twenty-nine days, but for ease of calculation the Court uses the conservative total of eight months.

[4] As noted, Mendoza does not contest that his monthly salary was $5,366.  (*See* Mot. 7 (calculating the amount in controversy using $5,366 per month).)  Accordingly, the Court calculates Mendoza's damages using this figure.

1

## V.    CONCLUSION

2      For the reasons discussed above, the Court **DENIES** Mendoza's Motion to

3  Remand.  (ECF No. 11.)

4

5      **IT IS SO ORDERED.**

6

7      February 18, 2021

8

9      _____

10                 **OTIS D. WRIGHT, II**
              **UNITED STATES DISTRICT JUDGE**

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28