O
JS-6

# United States District Court
# Central District of California

WILLIAM MENDOZA,

    Plaintiff,

    v.

QVC, INC., a Delaware Corporation, and DOES 1 through 20, inclusive,

    Defendants.

Case № 5:20-CV-01595-ODW (KKx)

**ORDER GRANTING MOTION TO COMPEL ARBITRATION [12] AND DISMISSING ACTION**

## I.    INTRODUCTION

Before the Court is Defendant QVC, Inc.'s Motion to Compel Arbitration ("Motion" or "Mot."). (Mot., ECF No. 12.) For the following reasons, the Court **GRANTS** QVC's Motion.[1]

## II.    BACKGROUND

QVC is a multifaceted television network. (*See* Decl. of Michelle Zakarian Ex. A ("First Amended Complaint" or "FAC"), ¶ 14, ECF No. 3; Decl. of Alicia Keane ("Keane Decl.") ¶ 4, ECF No. 12-3.) QVC employed William Mendoza as a maintenance mechanic from about March 19, 2018, to November 12, 2019. (FAC ¶¶ 15, 21; Keane Decl. ¶ 8.)

---

[1] Having carefully considered the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

On March 2, 2018, Mendoza received and signed a four-page document entitled "Mandatory Arbitration Agreement." (Keane Decl. ¶ 10, Ex. A ("Mandatory Arbitration Agreement" or "MAA"), ECF No. 12-4.) The MAA requires that "[a]ny dispute between [Mendoza] and QVC . . . that arises from or in any way relates to [Mendoza's] employment with [or separation from] QVC . . . shall be resolved exclusively by mandatory and binding arbitration before the American Arbitration Association ('AAA')." (MAA ¶ 1.) Such an arbitration "shall be conducted pursuant to the [AAA's] Employment Arbitration Rules and Mediation Procedures ('AAA Rules')." (*Id.* ¶ 6.) Discovery shall be permitted and conducted in accordance with the AAA Rules, "which will provide the parties sufficient discovery to adequately arbitrate their claims and defenses." (*Id.*) Additionally, under the MAA, Mendoza and QVC may both seek a provisional remedy in a court of competent jurisdiction, including injunctive relief "to avoid irreparable harm while the arbitration process is ongoing." (*Id.* ¶ 3.)

On March 2, 2018, Mendoza initialed all four pages of the MAA, and signed the final page indicating he "had an opportunity to carefully read [the MAA], including the incorporated AAA Rules, . . . had a sufficient opportunity to discuss [the MAA] with personal legal counsel or an[] advisor," and was entering into the MAA voluntarily. (*Id.* at 4.) On March 14, 2018, QVC's agent countersigned the final page of the MAA. (*Id.*)

Mendoza alleges that, on November 12, 2019, QVC terminated his employment in violation of California labor laws. (FAC ¶¶ 14–25.) Accordingly, Mendoza initiated this suit against QVC claiming: (1) disability discrimination; (2) failure to reasonably accommodate; (3) failure to engage in the interactive process; (4) failure to provide medical leave; (5) failure to maintain a workplace free from discrimination and retaliation; (6) retaliation; and (7) wrongful termination in violation of public policy. (*Id.* ¶¶ 26–77.)

Currently, QVC moves to compel Mendoza to binding arbitration. (Mot. 1.) The Motion is fully briefed. (Opp'n, ECF No. 14; Reply, ECF No. 16.)

### III. LEGAL STANDARD

The Federal Arbitration Act ("FAA")[2] governs contract disputes relating to arbitration where they affect interstate commerce. *Allied-Bruce Terminix Cos. v. Dobson*, 513 U.S. 265, 273–77 (1995). The FAA establishes "a liberal federal policy favoring arbitration agreements" and requires district courts to compel arbitration on all claims within the scope of the agreement. *Epic Sys. Corp. v. Lewis*, 138 S. Ct. 1612, 1621 (2018) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983)); *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985). In deciding whether to compel arbitration, a court's inquiry is generally limited to "two 'gateway' issues: (1) whether there is an agreement to arbitrate between the parties; and (2) whether the agreement covers the dispute." *Brennan v. Opus Bank*, 796 F.3d 1125, 1130 (9th Cir. 2015) (citing *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 84 (2002)). "If the response is affirmative on both counts, then the Act requires the court to enforce the arbitration agreement in accordance with its terms." *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000). However, in light of the FAA's "savings clause," every arbitration agreement is subject to "generally applicable contract defenses, such as fraud, duress, or unconscionability." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011).

### IV. DISCUSSION

QVC moves to compel arbitration on the ground that Mendoza's claims all arise from Mendoza's employment and thus fall within the scope of the valid and enforceable MAA. (*See* Mot. 1.) The parties do not dispute that the FAA applies or Mendoza's claims fall within the scope of the MAA. (*See* Mot. 3–6; *see generally* Opp'n.) Instead, Mendoza contends that the MAA is unconscionable and therefore

---

[2] The MAA provides that it "shall be interpreted and construed pursuant to the [FAA]." (MAA ¶ 9.)

3

unenforceable. (Opp'n 1–2.) As discussed below, Mendoza fails to meet his burden to show the MAA is unconscionable.

Under California law, a contractual provision is unenforceable if it is both procedurally and substantively unconscionable. *Baltazar v. Forever 21, Inc.*, 62 Cal. 4th 1237, 1243 (2016) (quoting *Armendariz v. Found. Health Psychcare Servs., Inc.*, 24 Cal. 4th 83, 114 (2000)). However, the procedural and substantive components need not be present to the same degree. *Id.* Thus, courts apply a sliding scale: "the more substantively oppressive the contract term, the less evidence of procedural unconscionability is required to come to the conclusion that the term is unenforceable, and vice versa." *Id.* at 1244. The party opposing arbitration bears the burden of proving unconscionability. *Poublon v. C.H. Robinson Co.*, 846 F.3d 1251, 1260 (9th Cir. 2017) (quoting *Pinnacle Museum Tower Ass'n v. Pinnacle Mkt. Dev. (US)*, 55 Cal. 4th 223, 236 (2012)).

"Substantive unconscionability focuses on the one-sidedness or overly harsh effect of the contract term or clause." *Kilgore v. KeyBank, Nat'l Ass'n*, 718 F.3d 1052, 1058 (9th Cir. 2013). "A contractual term is substantively suspect if, viewed at the time the contract was formed, it allocates the risks in an unreasonable or unexpected manner." *Zullo v. Superior Court*, 197 Cal. App. 4th 477, 484 (2011). However, "[a] contractual provision is not substantively unconscionable simply because it provides one side a greater benefit." *Carbajal v. CWPSC, Inc.*, 245 Cal. App. 4th 227, 248 (2016). Hence, the California Supreme Court's use of various intensifiers: "*overly* harsh, *unduly* oppressive, *unreasonably* favorable." *Baltazar*, 62 Cal. 4th at 1245 (internal quotation marks omitted). Instead, "[t]he ultimate issue in every case is whether the terms of the contract are sufficiently unfair, in view of all relevant circumstances, that a court should withhold enforcement." *Id.* (finding arbitration agreement was not unconscionable where it imposed the same obligations on both parties).

Here, Mendoza contends the MAA is substantively unconscionable because, (1) it impermissibly carves out injunctive relief that favors QVC, and (2) it lacks necessary and materials terms, namely what specific discovery rules will apply.[3] (Opp'n 7–9.) However, neither basis renders the MAA substantively unconscionable.

### A. Injunctive Relief Carve-Out

Mendoza first contends the MAA unreasonably favors QVC by authorizing injunctive relief on claims that employers are more likely to bring, thereby rending the MAA substantively unconscionable. (Opp'n 7–8; *see* MAA ¶ 3.) The Court is not persuaded.

Unilateral arbitration obligations are generally substantively unconscionable, such as "where an employer-imposed arbitration agreement . . . requires the employee to arbitrate the claims he or she is most[] likely to bring, but allows the employer to go to court to pursue the claims it is most likely to bring." *Carbajal*, 245 Cal. App. 4th at 248; *Armendariz*, 24 Cal. 4th at 117–18, 120. Conversely, an agreement to arbitrate that imposes the same obligations on all parties is mutual and not substantively unconscionable on this basis. *See Baltazar*, 62 Cal. 4th at 1248–49; *24 Hour Fitness, Inc. v. Superior Court*, 66 Cal. App.4th 1199, 1213 (1998) (finding agreement not substantively unconscionable where it "applie[d] equally to employer and employee").

In this case, the MAA requires both Mendoza and QVC to submit any employment-related dispute to binding arbitration. (MAA ¶ 1.) It also includes a provision in Paragraph 3 authorizing both parties to seek provisional injunctive relief in a court of competent jurisdiction. (*Id.* ¶ 3.) Paragraph 3 expressly authorizes *both* Mendoza and QVC to seek such a remedy. (*Id.* ("[Y]ou or QVC may file an action . . . .").) Thus, the plain language of the MAA provides that the ability to seek injunctive relief is mutual, not unilateral.

---

[3] As the Court finds Mendoza fails to establish substantive unconscionability, the Court need not address the issue of procedural unconscionability and declines to do so. *See Baltazar*, 62 Cal. 4th at 1243 (requiring both procedural and substantive unconscionability).

Despite Paragraph 3's facial mutuality, Mendoza contends it nevertheless impermissibly favors QVC because it lists "legal issues that only [QVC], as the employer, not [Mendoza], as the employee, would ever pursue." (Opp'n 8.) For instance, Paragraph 3 authorizes provisional injunctive relief for claims arising under non-competition, non-solicitation, and non-disclosure agreements. (MAA ¶ 3.) However, Paragraph 3 plainly states it "include[s], but [is] not limited to," the listed types of claims. (*Id.*) Thus, Mendoza's argument fails because the list is merely illustrative, not exhaustive. *See Baltazar*, 62 Cal. 4th at 1249 (reading the language "include[d] but . . . not limited to" as illustrative of the types of claims covered, not exhaustive). It expressly provides that provisional relief *is not limited* to the types of claims listed and "thus casts no doubt on the comprehensive reach of the arbitration agreement." *Id.* ("The examples do not alter the substantive scope of the agreement, nor do they render the agreement sufficiently unfair as to make its enforcement unconscionable.").

The MAA makes clear that the parties mutually agreed to arbitrate all employment-related claims, and the injunctive relief carve-out authorizes both parties to seek provisional relief. As a result, the MAA's injunctive relief carve-out is not substantively unconscionable.

**B.    Failure to Specify Discovery Rules**

Mendoza next argues that the failure to attach the AAA Rules to the MAA means the MAA lacks necessary and material terms, rendering it substantively unconscionable. (Opp'n 8.) He contends the absence of clarity as to what discovery rules will apply "creates the opportunity for an arbitrator to unreasonably limit discovery." (*Id.*) Again, the Court is unpersuaded.

First, "[l]ike any other contract, an arbitration agreement may incorporate other documents by reference." *Lane v. Francis Cap. Mgmt. LLC*, 224 Cal. App. 4th 676, 693 (2014) (citing *Wolschlager v. Fidelity Nat'l Title Ins. Co.*, 111 Cal. App. 4th 784, 790 (2003)). Thus, the MAA's express incorporation by reference of the AAA Rules,

rather than physically attaching them, does not create substantive unconscionability. *See id.* at 692–93.

Second, Mendoza's claim that the arbitrator *might* deny him adequate discovery is purely speculative and insufficient to render the MAA unenforceable, as courts "assume that the arbitrator will operate in a reasonable manner in conformity with the law." *Dotson v. Amgen, Inc.*, 181 Cal. App. 4th 975, 984 (2010) (citing *Booker v. Robert Half Int'l, Inc.*, 413 F.3d 77, 82 (D.C. Cir. 2005) ("[S]peculation about what *might* happen in the arbitral forum is plainly insufficient to render the agreement to arbitrate unenforceable.")).

Finally, courts routinely find that reference to AAA Rules for discovery does not create substantive unconscionability. *See, e.g.*, *Lane*, 224 Cal. App. 4th at 693 (finding that "the lack of an express provision for discovery did not render the arbitration agreement substantively unconscionable" where the AAA rules were expressly referenced); *Dotson*, 181 Cal. App. 4th at 984 ("Although the . . . agreement purports to limit discovery . . . , the agreement gives the arbitrator the broad discretion contemplated by the AAA rules to order the discovery *needed to sufficiently litigate the parties' claims*." (emphasis added)). Here, the MAA states "[d]iscovery shall be allowed and conducted in accordance with the applicable AAA Rules, which *will provide the parties sufficient discovery to adequately arbitrate their claims and defenses*." (MAA ¶ 6 (emphasis added).) As the MAA expressly incorporates the AAA Rules and requires discovery sufficient to adequately arbitrate claims, any discovery limitation is not substantively unconscionable. *See Dotson*, 181 Cal. App. 4th at 984.

Mendoza fails to establish that any terms within the MAA contract are so "unfair, in view of all relevant circumstances, that [the Court] should withhold enforcement," and accordingly does not meet his burden to establish substantive unconscionability. *Baltazar*, 62 Cal. 4th at 1245. As California law requires both substantive and procedural components to render an agreement unenforceable, *id.*

at 1243, the absence of substantive unconscionability is dispositive, and the MAA shall be enforced in accordance with its terms. *See Chiron Corp.*, 207 F.3d at 1130.

Lastly, in the Ninth Circuit, the district court has discretion to dismiss a party's complaint where the court finds that the arbitration clause covers all of the party's claims. *See, e.g.*, *Johnmohammadi v. Bloomingdale's, Inc.*, 755 F.3d 1072, 1074 (9th Cir. 2014) (affirming dismissal of action without prejudice where "all of the claims raised in the action are subject to arbitration"); *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 638 (9th Cir. 1988). As all of Mendoza's claims are subject to arbitration, the Court in its discretion **DISMISSES** this action without prejudice.

## V. CONCLUSION

For the reasons discussed above, the Court **GRANTS** QVC's Motion and **ORDERS** the parties to binding arbitration. (ECF No. 12.) The case is **DISMISSED**. The Clerk of the Court shall close the case.

**IT IS SO ORDERED.**

March 8, 2021

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**